UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 6: 02-038-DCR |
| ) | |
| V. ) | |
| ) | |
| RONNIE LEE HOWARD, ) | **MEMORANDUM ORDER** |
| ) | |
| Defendant. ) | |

*** *** *** ***

A federal jury convicted Defendant Ronnie Howard of possessing firearms following a felony conviction in June 2003. [Record No. 117] He was later sentenced to 293 months' imprisonment, to be followed by five years of supervised release. [Record No. 140] The United States Court of Appeals for the Sixth Circuit affirmed Howard's conviction, but remanded the case for re-sentencing in light of *United States v. Booker*, 543 U.S. 220 (2005). [Record Nos. 174, 175] Howard was re-sentenced to the same terms, which were affirmed on appeal. [Record Nos. 203, 225]

In May 2009, Howard filed a *pro se* motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, arguing that his trial attorney had provided ineffective assistance. [Record No. 241] This Court denied the motion, and Howard's appeal of that denial was later dismissed for failure to prosecute. [Record Nos. 266, 272, 276]

Howard filed a motion seeking appointment of counsel in September 2015. [Record No. 278] His motion included a request for relief under § 2255, based on the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Court

explained that Howard must obtain permission from the Sixth Circuit before filing a second or successive motion for relief under 28 U.S.C. § 2255. Accordingly, the matter was transferred to the Sixth Circuit, which denied the motion on March 1, 2016. [Record No. 279, 282]

Howard has filed another *pro se* motion seeking appointment of counsel to help him collaterally attack his conviction and/or sentence under § 2255. [Record No. 282] Specifically, he argues that he is entitled to relief under the United States Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019).

As the Court has previously explained, Howard must obtain permission from the Sixth Circuit before seeking substantive relief under § 2255. *See* 28 U.S.C. § 2244(a)(3)(A). Accordingly, this Court lacks jurisdiction to entertain Howard's present motion. The matter will be transferred to the United States Court of Appeals for the Sixth Circuit so that it may determine whether Howard may file a successive motion for relief under 28 U.S.C. § 2255.

Based on the foregoing, it is hereby

**ORDERED** as follows:

1. Defendant Ronnie Howard's motion seeking appointment of counsel is deemed to include a motion for leave to file a second or successive petition for collateral relief under 28 U.S.C. § 2255. The Clerk of the Court is **DIRECTED** to transfer Howard's motion [Record No. 282] to the United States Court of Appeals for the Sixth Circuit as a second or successive petition seeking relief under 28 U.S.C. § 2255 in accordance with 28 U.S.C. § 2244 and Rule 9 of the Rules Governing Section 2255 Proceedings.

2. To the extent that Howard asks this Court to appoint counsel [Record No. 282], his request is **DENIED,** without prejudice to being renewed if the Sixth Circuit permits him to file a second or successive petition under § 2255.

Dated: July 29, 2019.


Signed By:
*Danny C. Reeves*
United States District Judge