UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | Criminal Action No. 6: 02-038-DCR |
| V. | ) ) ) | |
| RONNIE LEE HOWARD, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Ronnie Lee Howard was convicted of two counts of being a felon in possession of a firearm and ammunition and was sentenced to 293 months' imprisonment in October 2003. Howard has filed several motions since his sentencing, seeking to have the judgment set aside. However, all post-judgment efforts have been unsuccessful. He has now filed a *pro se* "Motion for Sentence Reduction Under the First Step Act and Sentence Guidelines 4B1.1 4A1.1 4B1.8 4B1.10[.]" [Record No. 290] This motion will be denied because Howard has not presented any meritorious grounds for a sentence reduction.

The defendant previously filed a motion for relief under the First Step Act in July 2020, which was denied. [Record No. 288] The Court explained that Section 404 of the First Step Act does not apply to Howard since he was not convicted of an offense involving cocaine base. To the extent Howard argues that he is eligible for relief under Section 401 of the First Step Act ("reduce and restrict enhanced sentencing for prior drug felonies"), the Court previously advised Howard that this provision is not retroactive to defendants who have already been sentenced.

Howard requests relief under a variety of authorities but, for the most part, does not explain why he is entitled to relief. He also fails to identify the mechanism that would allow him to challenge his sentence. Title 18 of the United States Code, section 3582(c), permits the Court to modify an imposed term of imprisonment under limited, enumerated circumstances. While Howard has not identified any of those circumstances in his motion, the Court will consider each of his arguments in turn.

First, the defendant cites various provisions of the United States Sentencing Guidelines, including those regarding unlawful possession of firearms and armed career criminals. *See* U.S.S.G. §§ 2K2.1, 4B1.4. But Howard does not indicate how these provisions were misapplied to him at sentencing or why he should be permitted to challenge his guidelines calculation applying those provisions at this time.

Howard also cites *Peugh v. United States*, 569 U.S. 530 (2013), which held that sentencing a defendant to a longer term under guidelines promulgated after the commission of the criminal acts violates the *Ex Post Facto* Clause. *Peugh* is not applicable on collateral review of Howard's sentence. *See Rogers v. United States*, 561 F. App'x 440, 443-44 (6th Cir. 2014). Regardless, there is no indication that the defendant would benefit from that decision. His crimes of conviction were committed in May and September of 2001 and the 2002 edition of the Guidelines Manual was applied at sentencing. Howard has not shown, and it does not appear, that his advisory guidelines range would have been any different under the 2000 edition of the Guidelines Manual.

Next, the defendant argues that his prior convictions were too old to count toward his Armed Career Criminal status. *See* U.S.S.G. § 4B1.4. However, this argument is not based in the law. Howard's prior terms of incarceration for escape and first-degree robbery are

qualifying predicate convictions because the sentences exceeded one year and one month and he was still incarcerated for the offenses within 15 years of his commencement of the instant offenses.  *See* U.S.S.G. § 4A1.2(e).

Howard also asks for a reduction of his sentence under the First Step Act based on his age and health.  A defendant can file a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) after exhausting administrative remedies with the Bureau of Prisons.  There is no indication that Howard pursued such remedies prior to filing his motion here.  Regardless, he has not provided facts suggesting that he meets criteria constituting "extraordinary and compelling reasons" for release.  *See* U.S.S.G. § 1B1.13 cmt. n.1.  While the defendant reports that he is "in a wheelchair" and takes several medications, he does not allege that he suffers from a terminal illness or that his ability to provide self-care is substantially limited.  Further, the defendant is only 60 years old and does not allege that he has experienced a serious deterioration in physical or mental health because of the aging process.  *See id.*  Accordingly, compassionate release is not appropriate.

Finally, Howard asks the Court to appoint counsel.  Defendants do not have a constitutional right to appointed counsel with respect to filing motions for relief under 18 U.S.C. § 3582(c).  *See United States v. Bruner*, No. 5: 14-cr- 05-KKC, 2017 WL 1060434, at *2 (E.D. Ky. Mar. 21, 2017) (collecting cases).  Instead, the decision to appoint counsel lies within the Court's discretion and is only required where the interests of justice or due process require.  *See Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986); *United States v. Bond*, No. 5: 09-107-DCR, 2016 WL 9343991, at *3 (E.D. Ky. Feb. 12, 2016).  To the extent they are

not frivolous, the defendant's requests are straightforward and can be determined from the record.[1]

Based on the foregoing, it is hereby

**ORDERED** that the defendant's motion for a sentence reduction and appointment of counsel [Record No. 290] is **DENIED**.

October 22, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky

---

[1] The defendant has asked for relief under provisions of the Sentencing Guidelines that do not exist (§§ 4B1.8 and 4B1.10) and Public Law No. 113-14 ("Animal Drug and Animal Generic Drug User Fee Reauthorization Act of 2013").  He has also asked that a particular attorney be appointed to represent him at resentencing.