UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 02-038-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| RONNIE LEE HOWARD, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

The Court recently denied Defendant Ronnie Howard's *pro se* "Motion for Sentence Reduction Under the First Step Act and Sentence Guidelines 4B1.1 4A1.1 4B1.8 4B1.10[.]" [Record No. 291] Howard has now filed a *pro se* "response," in which he appears to seek reconsideration of the Court's decision denying his motion for a sentence reduction. [Record No. 292] The defendant has not provided any meritorious grounds for reconsidering the Court's previous ruling and his request will be denied.

The Federal Rules of Criminal Procedure make no provision for motions to reconsider. However, courts may review motions to reconsider under the same standards set out in Rule 59(e) of the Federal Rules of Civil Procedure. *United States v. Thomas*, 2020 WL 3511585, *2 (W.D. Ky. June 29, 2020); *United States v. Holland*, 2016 WL 1047929, at *1 (E.D. Ky. March 15, 2016) (citing *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982)). Rule 59(e) permits the Court to alter its previous decision based on "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir.

2018). Howard has not identified any information that would satisfy any of these criteria. His response is difficult to follow but he continues to argue that he is entitled to relief under *Peugh v. United States*, which held that the *Ex Post Facto* Clause is violated when a defendant is sentenced under guidelines that provide a higher sentencing range than the guidelines in effect at the time of the offense. 569 U.S. 530, 544 (2013).

As the Court explained previously, Howard cannot obtain a sentence reduction through 18 U.S.C. § 3582(c) based on *Peugh*. Further, to the extent the defendant attempts to assert a habeas claim, he has already filed a motion under 28 U.S.C. § 2255 and would have to obtain permission from the United States Court of Appeals from the Sixth Circuit to file second or successive petition. *See* 28 U.S.C. § 2244(b)(3)(A). *See also Rogers v. United States*, 561 F. App'x 440, 443-44 (6th Cir. 2014) (concluding that *Peugh* is not retroactively applicable on collateral review). Finally, the defendant has not identified any facts to suggest that would be entitled to relief under *Peugh* for any reason.

Accordingly, to the extent the defendant seeks reconsideration of the Court's October 22, 2020 Memorandum Opinion and Order, it is hereby

**ORDERED** that the request is **DENIED**.

Dated: November 4, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky